# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEON E. SWINDLER** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-837** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY** | **SECTION: "G"** |

## ORDER

Before the Court is Plaintiff Leon E. Swindler's Motion for Attorney's Fees.[1] Plaintiff requests attorney's fees in the amount of $4,690.00[2] pursuant to the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Defendant Kilolo Kijakazi, the Action Commissioner of Social Security, does not oppose the motion.[3] Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Leon E. Swindler is awarded attorney fees under the Equal Access to Justice Act in the amount of $4,690.00.

Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the government that Plaintiff owes no qualifying, pre-existing debt(s) to the government. If such a debt(s) exits, the government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

---

[1] Rec. Doc. 17.

[2] Plaintiff seeks payment for 26.8 attorney hours of attorney work at the rate of $175 per hour.

[3] Rec. Doc. 19.

If the fees are not subject to any offset and an assignment is provided to the Social Security Administration, the award may be paid directly to the order of Jeff Nicholson, Esquire.[4] All checks will be sent care of Plaintiff's attorney Jeff Nicholson, Esquire at P.O. Box 40516, Baton Rouge, Louisiana 70835.

**NEW ORLEANS, LOUISIANA**, this  21st  day of December, 2023.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] *See Astrue v. Ratliff*, 560 U.S. 586 (2010). "[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.* at 589. The Supreme Court recognized that historically the Commissioner paid EAJA fees directly to a prevailing plaintiff's attorney. *Id.* at 597 The Court further noted "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id.* (internal citations and quotation marks omitted).